## HIGLEY v. BERGHOLZ.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. CORPORATIONS—LIABILITY OF INDIVIDUAL—EVIDENCE.

To prove that B., a member of a corporation, was liable for legal services rendered it, H., a member of the law firm, and assignee of the claim, testified that the work was done at the request of B., who promised to pay, and that bills were sent to B., and that no question was raised until suit brought; that B. was the man interested in the corporation, and the work was done for his interest. Previous to the law partnership, F., the other partner, had done work both for B., who was his father-in-law, and for the company, and in the firm's books were entries against the company. The services were chiefly rendered by F., and one of the bills was made to the company, payable to F. By the assignment from F. to H., B. was mentioned as debtor, and not as officer of the company, and the itemized account was headed: "Summary of Bills Rendered. B. to H. & F., Dr." F., testifying for B., stated that the company was his client previous to the law partnership, and B. did not agree to be responsible personally. B. testified that he had retained F. previous to the partnership, and the company had also retained and paid him; that, with respect to the matters in suit, he employed F. to attend to them, and had no conversation with plaintiff, and took care to have it understood that the company was to pay its own bills. *Held*, that there was not sufficient evidence to go to the jury on the question of B.'s liability, the statements and entries in the books made by F. not binding B.

2. STATUTE OF FRAUDS—ORAL PROMISE.

One not primarily liable cannot be bound by an oral promise made after the debt is incurred.

Appeal from trial term, New York county.

Action by Warren Higley against William R. Bergholz. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

J. Aspinwald Hodge, Jr., for appellant.
Edward L. Godfrey, for respondent.

O'BRIEN, J. The plaintiff sues, as assignee of the claim of the law firm of Higley & Ferguson, of which he had been a member, to recover on four separate causes of action for legal services rendered. It was consented on the trial that judgment should be entered in his favor for $150 on the first and third causes of action, and this appeal therefore concerns only the second and fourth. The second cause of action charges the defendant with $100 for services at his request in defending the Arkansas Gulf Railroad Company in suits brought against it, which was due and payable January 1, 1892, when payment was demanded and promised. The fourth cause of action shows that services were rendered at defendant's request in the matter of the Arkansas Land & Improvement Company, amounting to $536.50, due from June 17, 1892, on which defendant paid $268.25. No question is raised as to the value of the services; the result turning upon whether the corporations or defendant was liable for the services rendered. The plaintiff testified that the firm of Higley & Ferguson were retained by the defendant in the matters in question; that "he

called at our office and asked us to take charge of those two suits, and at his request the work was done"; that the bills were sent to the defendant, and he promised to pay the same, and no question was raised till this action was commenced, nearly six years after the cause of action accrued. When asked as to the companies represented in the suits, plaintiff testified:

"Mr. Bergholz was the man that was interested in the corporation, and it was for his interest that the matter was done. * * * I don't think that anything was paid by that corporation during our partnership."

The weight of this testimony is affected by the fact that personally the plaintiff had nothing to do with making the arrangement with defendant, or in performing the services.

It appears that previous to the law partnership Mr. Ferguson had done work both for Mr. Bergholz and for the companies in which he was interested, and also that in a book kept by the law firm there were entries of the companies in account with the firm. The services were principally rendered by Mr. Ferguson himself. There appears a bill, dated March 17, 1892, against "the bondholders of the Kentucky and Arkansas Land and Industrial Co.," to J. M. Ferguson, for expenses. Plaintiff stated:

"I took it for granted that as Mr. Bergholz was the only one that came to the office and talked over matters, and presented the case, and wanted things done, that he was the only responsible one,—finally responsible."

By the assignment from Ferguson to plaintiff, William Bergholz is mentioned as debtor, not as president, and the itemized account, including all the matters brought out in the four causes of action, is headed:

"Summary of Bills Rendered. Wm. R. Bergholz to Higley & Ferguson, Dr."

On behalf of the defendant, J. M. Ferguson, a member of the previous law firm, who had assigned his interest in the claims to the plaintiff, testified that he had incorporated companies for the defendant, and they were his clients previous to the law partnership, and that they had retained him and paid him, and Mr. Bergholz did not agree to be responsible personally; that, as to the fourth cause of action, he understood that his assignment was of a claim against a company, but admitted that the company mentioned in the complaint had gone out of existence. The firm's book was presented to the witness, and he acknowledged that there were entries in the name of Mr. Bergholz which concerned the matter in which the company was involved. Witness further stated that he was Mr. Bergholz's son-in-law, and that the reason for the assignment to the plaintiff was his indebtedness to him. The defendant stated that he had retained Mr. Ferguson previous to the beginning of the law partnership, and that the companies in which he was interested also retained and paid him; that, with respect to the matters in suit, he went to Mr. Ferguson to attend to them, and had no conversation whatever with the plaintiff; that he took great care to have it understood that the various companies were to pay their bills.

The burden of proof was on the plaintiff to show that the services were rendered to the defendant, and that the defendant promised to

pay for the services individually. The jury believed that such promise was made, but the plaintiff "took it for granted," and Mr. Ferguson, who had charge of the work, stated that it was not rendered for the defendant individually. It appears that there had been services previously rendered by Mr. Ferguson for the defendant and for his companies, and the natural inference is that he so understood the new work. He did, however, enter items against defendant individually, and assigned his interests in the claims as if they were only against defendant. Concluding, as we may, that Ferguson is an interested witness, hostile to plaintiff, and testifying in conflict with his assignment and entries in the books, yet there is no sufficient evidence to sustain the burden placed on plaintiff, of proving that defendant agreed personally to be responsible for the debts of the companies with which he was connected. Mr. Higley himself had little or nothing to do with defendant, who was a client of Ferguson's; and he does not claim that before the services were rendered he made any agreement, or was present when such was made, by which defendant agreed to pay for services rendered to the companies. After the rendition of the services he had several talks with defendant, in which the latter agreed to pay the claims. If not primarily liable, he could not be bound by an oral promise made after the debt was incurred. The question therefore returns to the one discussed, as to whether there was sufficient evidence to go to the jury on the proposition which plaintiff had to sustain, viz. that defendant, desirous of having services rendered to the company, personally agreed to pay for same. We think not, for, though plaintiff was led, as he says, by Ferguson's statements to believe such to be the case, such statements, representations, or entries from books made by Ferguson were not binding on defendant. We think, therefore, that the learned judge should have dismissed the second and fourth causes of action, and directed a verdict on the first and third causes of action. If the plaintiff will consent to reduce the judgment to the amount of $150, with interest thereon, together with the costs in the court below, including an allowance, then the judgment may be modified accordingly, without costs to either party on this appeal. Upon a refusal, however, to consent to a reduction, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.